IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06CR122-MEF |
| | ) | [WO] |
| KENDALL WATSON | ) | |

**ORDER ON MOTION**

Pending before the court is the defendant's ["Watson"] Motion for Leave to file a motion to suppress (Doc. # 66). For the reasons stated below, the court concludes that the motion should be GRANTED.

**I. DISCUSSION**

Watson was indicted on 2 May 2006 [Doc. # 1], and his current counsel entered an appearance on 22 May 2006 (Doc. # 42). The arraignment order, entered on 18 May 2006, set the initial pretrial conference for 2 June 2006 and directed that pretrial motions be filed two days before the pretrial conference (Doc. # 41). Watson's counsel, James R. Cooper, Esq. ["Cooper"], appeared at the pretrial conference on Watson's behalf.[1]

Watson filed no pretrial motions before 2 June 2006; instead, he filed a Motion to Suppress on 6 July 2006 (Doc. # 62). In his motion for leave to file the motion to suppress, Watson acknowledged that the motion was tardy because: (1) his attorney was not aware that pretrial motions were due by 30 May 2006; (2) his attorney did not receive electronic notices

---

[1]

"until long after May 30, 2006"; (c) he has "sufficient grounds" to file the motion to suppress. Watson also alleged that the motion should be heard because "[n]either party would be unduly burdened or prejudiced" by a grant of the motion.

The court's analysis of Watson's request begins with a finding that Watson's attorney could have filed a timely motion to suppress. His appearance occurred in time for him to receive discovery, analyze it, and file a motion two days before 2 June 2006, or request an extension of time to file a motion if it appeared that analysis of the evidence would require additional time. Within that period of time (two to three weeks), criminal defense lawyers regularly practicing in this court - as does Cooper - frequently file motions to suppress. Although most defendants do not prevail on such motions, the court cannot label the pleadings frivolous. They typically present issues which justifiably challenge search and seizure procedures, and they are worthy of the court's attention.

Moreover, Cooper's declarations that he was "not aware that pretrial motions were due May 20, 2006" and that he "did not receive any notices electronically until long after May 30, 2006" are disingenuous. First, Cooper is an experienced criminal defense attorney who regularly practices in this district. He is quite familiar with the court's procedures in felony criminal cases and the court's practice of requiring that pretrial motions be filed before the first pretrial conference. He was notified that the pretrial conference would be held on 2 June 2006, and he was present at the conference. Second, even though his appointment became effective after the Arraignment Order was issued,[2] when he was

---

[2] The Arraignment Order *could not have been* sent to Cooper since he was not the attorney of record when it was issued on 18 May 2006 (Doc. # 41).

appointed, he should have reviewed the docket sheet immediately to determine the progress in the case and his responsibility for pleadings and appearances. Thus, whether the Arraignment Order was sent to him electronically is irrelevant.

The court is also mindful that, while the delay occasioned by the court's processing of the motion to suppress may not unduly burden or prejudice the parties, it will compromise the court's management of this case, the planning for which was inherent in the Arraignment Order. Thus, the court's grant of the motion is not without consequences for disposing of this case consistent with the Speedy Trial Act.

In any case, because the defendant is charged with serious offenses and is entitled to the court's monitoring of his constitutional rights, the court concludes that the motion should be granted to permit him to assert Fourth Amendment claims. Counsel is CAUTIONED, however, to heed the court's reminders of his responsibility in felony criminal cases.

Accordingly, it is

ORDERED that the motion is GRANTED.

DONE this 13th day of July, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE