IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06-cr-122-MEF |
| | ) | |
| KENDALL R. WATSON | ) | |

**RESPONSE TO MOTION TO SUPPRESS**

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files the above-captioned motion, and as reasons therefore, submits the following:

FACTS

1. Corporal (CPL) Magnus saw defendant Watson on November 16, 2005, at about 1:36 a.m. as defendant Watson was driving a pickup truck away from a closed business in Montgomery, Alabama. Due to business burglaries in the vicinity on the same night and three (3) stolen Dodge trucks on the hot sheet the same night, CPL Magnus stopped the truck and ran the license plates. The truck was registered to Kendall and Earl Watson and a further check revealed Earl Watson had a suspended license. CPL Magnus also found, through another check, that Kendall Watson was on probation with the State of Alabama and had been incarcerated twice in federal prison. After CPL Magnus came to the pickup, he ascertained the driver was defendant Kendall Watson, the son of Earl Watson. CPL Magnus asked for and received permission from defendant Watson to search the pickup. CPL Magnus handcuffed defendant Watson for officer safety. When defendant Watson stepped out of the car, CPL Magnus saw the butt of a handgun protruding from between the driver seat and center console. Watson told CPL Magnus the object was an air pistol.

Magnus again asked for consent to search and obtained a written consent to search. The pistol was indeed an air pistol. A further search revealed a .40 caliber handgun whose serial number was obliterated, other indicia of drug trafficking, and a small quantity of methamphetamine. At the station and after rights advisement, defendant Watson gave incriminating statements regarding the pistol and the other indicia of drug trafficking.

On May 2, 2006, the Grand Jury for the Middle District of Alabama returned a multi-count, drug related indictment against defendant Watson. On May 5, 2006, defendant Watson was arrested at the home of Ashley Woods. After rights advisement, defendant Watson made additional incriminating statements. A search of the home yielded various pieces of narcotics related evidence.

2. First, the United States argues the fruit of the traffic stop on November 16, 2005, is admissible. As long as reasonable and articulable facts exist, police may conduct a brief investigatory detention without violation of the Fourth Amendment. <u>Terry v. Ohio</u>, 392 U.S. 1, 21, (1967). <u>United States v. Hensley</u>, 460 U.S. 221, 226 (1985). In the case at bar, it was very late at night when defendant Watson drove away from a closed business in an area where burglaries were reported the same night; and the truck driven by defendant Watson was the same type as three (3) trucks listed as stolen on the hot sheet the very same night. Further, the truck was registered to one person whose license was suspended. The United States submits the foregoing facts were sufficient to justify a <u>Terry</u> stop.

Once defendant Watson pulled over, the officer had a right to ask defendant Watson to get out of the truck. <u>United States v. Roper</u>, 702 F.2d 984, 987 (11th Cir. 1983) (citing <u>Pennsylvania v. Mimms</u>, 434 U.S. 106, 110-11 (1977)). Once defendant Watson got out of the truck, the presence of what appeared to be a firearm justified the officer in

2

examining the object with or without consent. Terry at 27, 30. Ybarra v. Illinois, 444 U.S. 85, 92-93 (1979). Defendant Watson consented to the search; therefore, the probable cause inquiry is moot. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). Once CPL Magnus found the incriminating evidence, defendant Watson received Miranda warnings and made incriminating statements. No force, threats or inducements were given to defendant Watson; therefore, the incriminating statements are admissible. Miranda v. Arizona, 384 U.S. 436, 444 (1966).

Finally, the United States submits the fruits of the search and the incriminating statements made by defendant Watson on May 5, 2006, are admissible.

First, defendant Watson has not shown standing to contest the search of the home owned by Ms. Woods. United States v. Salvucci, 448 U.S. 83, 86 (1980). Assuming without conceding defendant Watson has standing, the fruits of the search are admissible because of the knowing and voluntary consent given by Ms. Woods and defendant Watson. See Schneckloth, 412 U.S. 218, 219 (1973).

Finally, the incriminating statements by defendant Watson at arrest are admissible as they were given after rights warning and without coercion or improper inducements. Miranda v. Arizona, 384 U.S. 436, 444 (1966).

3. For the foregoing reasons, the United States submits the motion should be denied.

Respectfully submitted this the 18th day of July, 2006.

           LEURA G. CANARY
           UNITED STATES ATTORNEY

           /s/Terry F. Moorer
           TERRY F. MOORER
           Assistant United States Attorney
           One Court Square, Suite 201
           Montgomery, AL 36104
           Phone: (334)223-7280
           Fax: (334)223-7135
           E-mail: terry.moorer@usdoj.gov
           ASB-1176-O73T

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06-cr-122-MEF |
| | ) | |
| KENDALL WATSON | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: James Robert Cooper, Jr., Esquire.

Respectfully submitted,

/s/Terry F. Moorer
TERRY F. MOORER
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: terry.moorer@usdoj.gov
ASB-1176-O73T