IN THE UNITED STATES FEDERAL DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, * | |
|     Plaintiff, * | |
| * | |
| vs. * | CR. NO. 2:06cr122-MEF |
| * | |
| KENDALL WATSON * | |
|     Defendants. * | |

### MOTION TO CONTINUE SENTENCING

    COMES, James R. Cooper, Jr. who on behalf of his client Mr. Watson, who does request that the sentencing be continued and states in support thereof as follows:

1.     Initially, Mr. Terry Moorer, Assistant United States Attorney representing the government and Mr. Watson had entered into an agreement that contemplates him providing testimony in the Leon Carmichael sentencing currently before Judge Thompson. In exchange Mr. Watson was to receive a substantial amount of downward departure.

2.     In between that hearing and Mr. Carmichael's sentencing, Mr. Terry Moorer was appointed a United States Magistrate for this District. Ms. Clark Morris has now been assigned that case.

3.     Mr. Watson has already testified for the government in a preliminary Carmichael hearing. He intends to continue cooperating with the government.

4.     Ms. Morris has not been able to definitely state with specificity the number of levels of downward departure she is willing to grant Mr. Watson for his testimony in the Carmichael Sentencing.

    She will not make an agreement at this time. She fears, that if she gives him some levels off now, that fact would be used by Mr. Carmichael's counsel to discredit the testimony of Mr. Watson. Additionally, she wants to ensure Mr. Watson's continuing cooperation.

5.     As it stands now, the Carmichael sentencing is set for the end of March. If Mr. Watson is sentenced now, he may be gone before the Carmichael sentencing is conducted. There would be a logistics problem getting him back for the Carmichael sentencing and then a further logistics problem getting him back for a

Rule 35 proceeding.

6. If the Mr. Watson is sentenced now, without a definite agreement and then the Carmichael sentencing is postponed again, Mr. Watson may not be eligible for Rule 35 relief, due to the time limits therein.

7. The ends of justice and of judicial economy would be served by postponing this sentencing until after Mr. Watson has testified at the Leon Carmichael sentencing.

8. After the Carmichael sentencing, Mr. Watson and the government would be able to reach an agreement on the amount of downward departure levels he is entitled to receive. He would thereafter be sentenced. Otherwise, the Court would have to bring him back for a Rule 35.

9. Mr. Cooper and Ms. Clark Morris have discussed this matter. Ms. Morris does not oppose a continuance in the Watson sentencing until after Mr. Carmichael has been sentenced.

10. Mr. Cooper is available the 18th and 25th of April and May 2, for sentencing, assuming that the Carmichael sentencing before Judge Thompson is conducted as presently scheduled the last of March.

RESPECTFULLY SUBMITTED,

S\ James R. Cooper, Jr.
James R. Cooper, Jr.  (COO021)
COOPER & COOPER
312 Scott Street
Montgomery, Alabama 36104
(334) 262-4887
(334) 262-4880 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 4th day of March, 2007 , I have served a copy of the foregoing Motion to Continue Sentencing  Upon Ms. Clark Morris, AUSA  , at the last known address of: P.O. Box 197, Montgomery, Al  By placing a copy of the same in the United States Mail properly addressed and postage prepaid and electronically.

                                            S/James R. Cooper, Jr.
                                            JAMES R. COOPER, JR.

Cc:
Kendall Watson
Autauga Metro Jail
Prattville, Al