IN THE UNITED STATES FEDERAL DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
|     Plaintiff, | * | |
| | * | |
| vs. | * | CR. NO. 2:06cr122-MEF |
| | * | |
| KENDALL WATSON | * | |
|     Defendants. | * | |

## MOTION FOR ADDITIONAL DOWNWARD DEPARTURE DUE TO MITIGATING FACTORS

    COMES, James R. Cooper, Jr. who on behalf of his client Mr. Watson, who does request that this Court depart from the Sentencing Guidelines in this case downward due to these mitigating factors:

1. Mr. Watson risked his life when he agreed to testify for the government at the sentencing of Mr. Leon Carmichael. Mr. Watson testified for the government in August of 2006 in the Carmichael matter. His life is at risk because of his cooperation. The additional two levels of downward departure the government gave him does not fully incorporate the danger Mr. Watson now faces.

   This Court has the power to depart downward further that the government recommends. They government recommended two levels but this Court can depart a further six, seven or eight levels bringing the time actually in prison to approximately 92 months.

   See U.S. vs. Udo, 963 F. 2nd 1318, 1319 ( 9th Cir. 1992 )

2. The government secured the cooperation of Mr. Watson to testify against Mr. Carmichael without there being any agreement on the amount of downward departure he would receive. Mr. Watson, placed his life at risk without any agreement in place. Now the government, after its need for Mr. Watson is over, is being stingy. There is just no other word for it. They got what they wanted, but do not want to give Mr. Watson any more for his cooperation. Any cooperation that involves testimony generally gets more than a two level downward departure.

   See U.S. vs. Tenzer, 213 F. 3rd 34 ( 2nd Cir. 2000 )

3. Mr. Watson's conduct and the amount of drugs found on his person do not justify the length of sentence under the guidelines.

   Mr. Watson was found to have only a small quantity of drugs on his person when arrested. He admitted to selling much more, but what he had was a very small amount. ( .67 gram of Methamphetamine ). His cooperation in admitting the amount he sold and where he got it is now being used against him.

   The government stipulated that it would attribute NO MORE THAN 1.5 Kilograms of Methamphetamine to Mr. Watson. Under the guidelines, less than 1.5 kilograms is a level 32. Any amount no matter how slightly less than 1.5 kilograms is a level 32. Here, Mr. Watson is deemed to have no more than 1.5 kilograms but gets bumped up a full two levels. Others whose amounts are fractions of grams under 1.5 kilograms get two levels less. The disparity is not just.

4. Because of the gun charge, the sentence overall is too long for the offenses committed. This is a small time bust with very little methamphetamine to show for the government's efforts. The gun Mr. Watson had adds 60 months, making the underlying drug sentence crucial to finding a reasonable overall time.

   A total of 152 months for this conduct is inappropriate under the circumstances.

   See U.S. vs. Williams, 435 F. 3rd 1350 ( 11th Cir. 2006 ) The facts are similar to those here.

5. The Guidelines are advisory, not mandatory. The government may ask for a particular sentence but that does not bind this Court. Mr. Watson's request for additional downward departure has as much merit and the government's request. Both are requests under a merely advisory guideline, that this Court is not obligated to follow.

   The interest of fairness require that Mr. Watson's sentence be substantially less that 152 total months.

6. A range of 90-100 months total for both offenses would be a more appropriate sentence. Thus if the underlying drug case were established at a level 15, 16 or 17, an over all sentence between those numbers could be achieved.

RESPECTFULLY SUBMITTED,

            S\ James R. Cooper, Jr.
            James R. Cooper, Jr.  (COO021)
            COOPER & COOPER
            312 Scott Street
            Montgomery, Alabama 36104
            (334) 262-4887
            (334) 262-4880 (Facsimile)

## CERTIFICATE OF SERVICE

   I hereby certify that on this the 24th day of May, 2007 , I have served a copy of the foregoing Motion For Downward Departure due to mitigating factors  Upon Ms. Clark Morris, AUSA  , at the last known address of: P.O. Box 197, Montgomery, Al  By placing a copy of the same in the United States Mail properly addressed and postage prepaid and electronically.

            S/James R. Cooper, Jr.
            JAMES R. COOPER, JR.

Cc:
Kendall Watson
Autauga County Jail
Prattville, Al